**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 19-02802-JW |
| | Chapter 13 |
| Nellie Renee Atchley, | |
| | **ORDER ON MOTION FOR RELIEF** |
| Debtor(s). | **FROM THE AUTOMATIC STAY** |

This matter comes before the Court upon the Motion for Relief from the Automatic Stay ("Motion") filed by Christina Reid Shimel ("Shimel") on May 28, 2019. Nellie Renee Atchley ("Debtor") filed an objection to the Motion on June 13, 2019. The Court held a hearing on the matter attended by Shimel and Debtor, during which evidence was presented. The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334, and this is a core matter under 28 U.S.C. § 157.

Shimel's Motion is seeking relief from the automatic stay under 11 U.S.C. § 362(d) but does not indicate which subsection of the statute that she is seeking relief.[1] It appears she is seeking relief under § 362(d)(1) and (2). Section 362(d)(1) provides that the Court may grant relief from the automatic stay "for cause, including lack of adequate protection[.]" Section 362(d)(2) provides that the stay must be lifted if "the debtor does not have an equity in such property; and . . . such property is not necessary to an effective reorganization."

In the present matter, the Motion centers on an agreement entered between Shimel and Debtor on October 26, 2015 entitled "Purchase Agreement — Seller Financing" ("Agreement") involving Debtor's principal residence, 1204 Dyson Drive in Moncks Corner, South Carolina ("Subject Property"). Under the Agreement, Debtor is listed as "Purchaser" and Shimel is listed as "Seller." The Agreement states the following in relevant part:

---

[1] Further references to the Bankruptcy Code (11 U.S.C. § 101, *et al.*) shall be by section number only.

- This Installment Option Agreement is for the property located at 1204 Dyson Drive, Moncks Corner, SC 29461.
- This property is being sold and purchased in "AS-IS" condition.
- Contract Sale Price $46065 plus interest and escrow.
- The balance due will be payable in monthly payments of approximately $526.00 (depending on interest and escrow amount set by original lender each year) for a total of 216 months.
- Purchaser's initial payment was paid on May 15th, 2015 and is due on the **SAME** day of each succeeding month. If a payment is over 15 days late, Purchaser will be responsible for late fee added by original lender. If payment is over 30 days late[,] this contract will be voided.
- IT IS CLEARLY UNDERSTOOD AND AGREED THAT SEELER [sic] FINANCING AGREEMENT IS NOT A SALE (TITLE DOES NOT TRANSFER BUT ONLY AN AGREEMENT TO CONVEY TITLE TO THE PROPERTY IN THE FUTURE, AFTER FINANCIAL OBLIGATION IS BET [sic] BY PURCHASER.

In 2000, Shimel executed a note and mortgage with the United States Department of Agriculture ("USDA") for the purpose of purchasing the Subject Property ("USDA Mortgage"). It appears through the Agreement and by the parties' course of conduct that Shimel would provide immediate possession of the Subject Property to Debtor in exchange for Debtor to complete Shimel's payments on the USDA Mortgage directly to USDA,[2] and that upon completion of payments to USDA, Shimel would convey title to the Subject Property to Debtor. Based upon the nature of the agreement and the evidence submitted, the Court finds that the Agreement is an installment land contract under South Carolina law. *See In re Brown*, C/A No. 16-06221-JW, slip op. (Bankr. D.S.C. May 11, 2017) (discussing the considerations in determining whether an agreement is an installment sales contract or a mortgage).

---

[2] This is evidenced by the fact that the amount of "Contract Sale Price" and "Balance Due" of $46,065 appears to be the principal balance owed on the USDA Mortgage at the time of the Agreement, and the Agreement provides for a term of 18 years, the amount of years remaining on the term of the USDA Mortgage at that time. Also, Shimel presented into evidence a letter dated April 15, 2019 that she sent to Debtor, which appears to indicate that Shimel was not aware of the prior late payments made to USDA. This suggests that Debtor made the payments on the Agreement directly to USDA.

Debtor has filed a proposed chapter 13 plan indicating that Debtor will assume the Agreement as an executory contract under § 365. The proposed plan provides that Debtor will pay post-petition monthly payments on the Agreement directly to USDA,[3] and cure the estimated pre-petition arrearage owed on the Agreement of $500 through monthly payments of $125 per month to the chapter 13 Trustee. Therefore, it appears Debtor intends to cure the default on the Agreement within four months of chapter 13 plan payments. While the plan appears to have been served on Shimel, she did not file a timely objection to the proposed chapter 13 plan.

Debtor has also indicated that she has already made $16,572 in payments on the Agreement and that the Subject Property has significant equity ($41,909.56). Shimel did not dispute or otherwise address the amount of equity in the Subject Property. Debtor also asserts that she has obtained homeowner's insurance on the Subject Property.

Shimel asserts that relief from the stay should be granted because the Agreement was terminated prior to Debtor filing her petition for Bankruptcy relief due to Debtor failing to make payments under the Agreement within 30 days because Shimel notified Debtor by a letter dated April 15, 2019 of the need to vacate the Subject Property within 30 days. Thereafter, Shimel commenced an eviction action with the state court magistrate; however, the state court proceeding was stayed by Debtor's bankruptcy filing prior to any determination by the magistrate.

Because the state court magistrate did not reach a ruling on the termination of the Agreement or the request for eviction, this Court must consider whether Debtor has any remaining rights under the Agreement and in the Subject Property, including a possible equitable right of

---

[3] The Court notes that the proposed plan also indicates that USDA is a secured creditor of Debtor "(due to the Mortgage in [Shimel's] name only)" and that Debtor is current on the claim and will maintain contractual post-petition installment payments on the claim directly to USDA. It appears to the Court that this provision was included to indicate that Debtor will be making the Agreement payments directly to USDA in line with the parties' prior pre-petition course of conduct under the Agreement. As it is not necessary for the purposes of this Order, the Court makes no findings in this Order as to whether USDA is a secured creditor of Debtor or that Debtor has an equitable property interest in the Subject Property.

3

redemption. Considering the amount of equity in the Subject Property, the amount of payments that Debtor has made pursuant to the Agreement, and the small amount of estimated pre-petition arrearage on the Agreement, the Court finds Debtor has an equitable right of redemption as to the Agreement. *See Lewis v. Premium Inv. Corp.*, 568 S.E.2d 361 (S.C. 2002); *In re Kingsmore*, 295 B.R. 812 (Bankr. D.S.C. 2002). This Court has previously held that in circumstances where a debtor has a pre-petition equitable right of redemption on a terminated installment sales contract, the debtor may assume or reject the contract pursuant to § 365 in a proposed chapter 13 plan. *Kingsmore*, 295 B.R. at 826 ("[T]his Court believes that the proper way for debtors to exercise an equitable right of redemption in a bankruptcy case in this District is to treat it as a property right which has precluded the prepetition cancellation of the executory contract and therefore provides [debtors] an opportunity to assume or reject the unterminated executory contract.").

Based on the Court's prior holdings, it appears Debtor's proposed chapter 13 plan provides for proper treatment of the Agreement as Debtor intends to assume the Agreement and promptly cure the pre-petition default to Shimel. Further, the Court notes that the proposed chapter 13 plan provides that "[f]ailure to object may constitute an implied acceptance of and consent to the relief requested in this document." Despite service of the proposed chapter 13 plan, Shimel did not timely object to the proposed plan and may be deemed to implicitly accept Debtor's assumption of the Agreement. The Chapter 13 Trustee has further indicated that the proposed chapter 13 plan is confirmable, and he is ready to recommend confirmation of the proposed plan.

For these reasons, the Court does not find that cause exists under § 362(d)(1) to lift the automatic stay. Further, as it appears the that there is equity in the Subject Property and that it is necessary to Debtor's effective reorganization, the Court finds relief under § 362(d)(2) is not appropriate at this time in this matter. Therefore, the Court denies Shimel's Motion.

**AND IT IS SO ORDERED.**

Columbia, South Carolina
July 30, 2019

**FILED BY THE COURT**
**07/30/2019**



*John E Waites*

US Bankruptcy Judge
District of South Carolina

Entered: 07/30/2019